UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT _____

Jason Davenport )
_____ )
_____ )
(Enter above the NAME of the
plaintiff in this action.) )
v. )
Bill Lee )
David Rausch )
Paul Grady )
(Enter above the NAME of each
defendant in this action.) )

FILED
JAN 19 2023
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

3:23-mc-6
McDonough/McCook

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. Section 1983)

I. PREVIOUS LAWSUITS

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? YES ( ) NO ( )

   B. If your answer to A is YES, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to the previous lawsuit:

         Plaintiffs: n/a

         Defendants: n/a

2. COURT: (If federal court, name the district; if state court, name the county): n/a

3. DOCKET NUMBER: n/a

4. Name of Judge to whom case was assigned: n/a

5. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) n/a

6. Approximate date of filing lawsuit: n/a

7. Approximate date of disposition: n/a

II. PLACE OF PRESENT CONFINEMENT: Blount County Justice Center

   A. Is there a prisoner grievance procedure in this institution? YES (X) NO ( )

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure? YES ( ) NO (X)

   C. If your answer is YES,

      1. What steps did you take? n/a

      2. What was the result? n/a

   D. If your answer to B is NO, explain why not. Because the issue is not grievable.

   E. If there is no prison grievance procedure in the institution, did you complain to the prison authorities? YES ( ) NO (X)

   F. If your answer is YES,

      1. What steps did you take? n/a

2. What was the result? n/a

III. PARTIES

(In item A below, please your name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of plaintiff: Jason Davenport
%BCJC
Present address: 920 E. Lamar Alexander Pkwy, Maryville, Tenn. 37804

Permanent home address: _____

Address of nearest relative: _____

(In item B below, place the FULL NAME of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the additional names, positions, and places of employment of any additional defendants.)

B. Defendant: Bill Lee

Official position: Governor of Tennessee

Place of employment: Nashville, Tennessee

C. Additional defendants: David B. Rausch, TBI Director
Paul Grady, Detective, Blount County Sheriff's department
Blount County, municipality

IV. STATEMENT OF CLAIM

(State here as briefly as possible the FACTS of your case. Describe how EACH defendant is involved. Include also the names of other persons involved, dates and places. DO NOT give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.)

On February 10, 2004 Plaintiff committed one count of sexual battery. July 16, 2004, Plaintiff pled guilty to one count of

3

sexual battery, class E felony for an effective sentence of 2 years at 30% in case no. C-15011, Blount County Circuit Court, at Maryville, Tennessee. Plaintiff was informed by counsel, Rob White that plaintiff would be required to register with the Tennessee Bureau of Investigation (hereinafter T.B.I.), for a period of 10 years on the Tennessee Sexual Offender, Violent Sexual Offender Verification and Tracking "Act" of 2004.

Plaintiff was released in January 2005 to probation on C-15011, when at that point and time that the plaintiff registered with the T.B.I. to be placed on the S.O.R. "Act" by registry officer John James, Blount County Detective, SOR officer at Maryville, Tennessee. At that time when plaintiff began the registry there were no 1000 ft restrictions placed on the plaintiff concerning where the plaintiff could live and work. Plaintiff successfully completed the 2 year probation in C-15011, sexual battery, and continued to register with the T.B.I. within the month of plaintiff's birthdate, and ... plaintiff paid the $100.00 one hundred dollar registration fee yearly. Plaintiff was required to register in person if there were any changes to plaintiff's address, or place of employment within 72 hours.

4

Continued

June 2006, plaintiff was arrested for misdemeanor possession a marijuana, however, even though the plaintiff was not on probation, Janet Postel, Blount County Detective, SOR officer informed plaintiff that the 10 year tolling for the SOR began anew, even though the charge of simple possession was not related to the S.O.R.

Plaintiff contends that the offense date for one count of sexual battery in case no. C-15011 was February 10, 2004 which was before the "Act" of 2004 that replaced the Tennessee's Sexual Offender Registration and Monitoring Act ("SORMA") which was signed into law on May 10, 1994. (repealed July 1, 2004).

The 2004 "Act" became law on July 01, 2004 that replaced the repealed "SORMA" of 1994, which did not make it an class E felony for failing to comply to any part of the registry. SORMA required any individual convicted of a sexual offense to register within 10 days of release without supervision from probation, parole, or incarceration. Plaintiff, under SORMA would have had to only update registration information by mail, and within 10 days of any changes of address or work. However, the "Act" of 2004 required that the plaintiff report

in person within 72 hours of any changes to plaintiff's address or work; therefore, as applied to plaintiff, the plaintiff should have not been placed on the SOR "Act" of 2004 based on its retroactive application, and punitive nature of the "Act" as amended violates the plaintiff's ex post facto clause of the U.S. Constitution.

In addition, SORMA of 1994 which applied to the plaintiff, had no in person registration requirement, instead, would have relied on prescribed paper forms, moreover, SORMA's registry was expressly designated as confidential, with the exception that TBI or law enforcement agency could "release relevant information deemed necessary to protect the public concerning a specific sexual offender." An offender registered under SORMA was permitted to petition the court for relief from its requirements ten years after his or her release from parole, probation, or incarceration. However, the "Act" of 2004 as amended in 2010 changed how an individual could or could not be removed from the SOR even though the plaintiff did not receive any new sexual offenses, nor had the plaintiff, at that time, violated the SOR at all.

SORNA's only restriction as to where the plaintiff could live or work had to do with plaintiff's victim only. And any violation thereof was a class A misdemeanor.

However, under the Act of 2004 as amended, plaintiff cannot live, work, or obtain sexual treatment within 1000 feet of a school, day care center, public park, playground, recreation center, athletic field for use by the general public.

In addition, certain triggering events changed under the Act of 2004 such as change of residence or employment, or email address, instant messaging must be made in person within 48 hours, and failure to comply resulted in a class E felony. Moreover, the administrative fee increased from $100.00 dollars, to $150.00 dollars annually, plus a $45.00 dollar additional municipality fee to inform neighbors of your sex offender status.

Plaintiff also is required to maintain and carry photo identification, and must have the call sign 88 on plaintiff's driver's license identifying plaintiff as a sexual offender to law enforcement. Moreover, the plaintiff is placed on the T.B.I.'s sexual offender public web site that carries a photo of plaintiff as well list the plaintiff's

3

Plaintiff cannot "loiter" within a 1000' feet of a school, day care center, public park, playground, recreation center, or athletic field that is accessed by the public. Moreover, plaintiff is not allowed to be alone in a private area with a minor, or spend a night when a minor will be present.

Plaintiff argues that the Act of 2004 as amended "as applies" to plaintiff bares a resemblence to traditional punishments of banishment, shaming, and parole because of its limitations on residency and employment, publication of information and encouragement of social ostracism, and imposition of significant state supervision. The "Act" imposes onerous restrictions on plaintiff by restricting plaintiff's residency and employment, and..... it also imposes significant affirmative obligations by requiring the plaintiff extensive in-person reporting.

SORMA was initially conceived as a confidential law enforcement tool to manage registrants names, and addresses, that transformed through the Act of 2004 into a publically accessable database that imposed significant restrictions on the life of the plaintiff, therefore, that transformation caused the retro-active application of the "Act" of 2004 as amended to violate plaintiff's U.S. constitutional ex post

4

Plaintiff when upon registering for the first time, or update information under the Act of 2004 as amended must provide the following information, on penalty of perjury:

(1) complete name and all aliases, including, but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise including pseudonyms and ethnic or tribal names.

(2) Date and place of birth.

(3) Social security number

(4) a photo copy of a valid drivers license, if no valid drivers license has been issued to the offender, a photo copy of any state or federal government issued identification card.

(5) for an offender on supervised release, the name, address and telephone number of the registrants probation or parole officer or other persons responsible for registrants supervision.

(6) sexual offenses, violent sexual offenses for which the registrant has been convicted, the date of offense [s] and the county and state of each conviction; or the violent juvenile sexual offense for which the registrant has been adjudicated delinquent, the date of the act for which the adjudication was made and the county and state of each adjudication.

(7) name of any current employee's and length of

5

(8) current physical address and length of residence at that address, which should include any primary or secondary residence.

(9) mailing address, if different from physical address.

(10) Any vehical, mobile home, trailer or manufactured home used or owned by the offender, including descriptions of vehical information numbers and licence tag numbers.

(11) any vessel - live aboard vessel or household vessel used by an offender, including the name of the vessel, description and identifying numbers.

(12) name and address of each institution of higher education in this state where the offender is employed or practices a vocation or is a student

(13) Race and gender

(14) name, address and phone number of offender's closest living relative

(15) whether victim's of the offender's convictions are minors or adults, the number of victims and the correct age of the victim or victims and of the offender at the time of offenses, if ages are known.

(16) Verification by the JBI or the offender that the JBI has received the offender's DNA sample

(17) a complete listing of the offender's electronic mail address, including usernames, any social media accounts

6

would be removed from the SOR. However, Paul Grady, SOR officer for Blount County violated plaintiff for failing to register a vehical. Plaintiff received a letter via Paul Grady from the TBI stating that the plaintiff was to continue to be on the registry from the date of January 24, 2016. The letter was not signed by anyone from the TBI.

On August 20, 2021, plaintiff was again violated for the SOR for failing to provide plaintiff's Post Office Box mailing address in case No. 28045, class E felony in which plaintiff pled guilty for 2 years at 30%. Plaintiff has only recently found out that the retroactive application "as applied" to plaintiff, of the 2004 Act as amended is punitive in context therefore, violates the plaintiff's U.S. constitutionally protected right against the prohibited expost facts clause.

Plaintiff argues that the injury to plaintiff's U.S. constitutional rights are irreparable injuries. Moreover, the mental injury inflicted upon the plaintiff is also irreparable injury, and money cannot compensate for that irreparable injury. Plaintiff has suffered wrongful arrest, long term wrongful incarceration, and has been

the prosecution, court, and counsel for plaintiff understood the Tennessee U.S. District Courts findings, along with the 6th Circuits that the Act of 2004 as amended violated plaintiff's U.S. Constitutional right under ex post facto clause but yet.... chose to seek prosecution of plaintiff even though plaintiff's offense date was before the July 01, 2004 Act replaced the repealed SORMA of 1994. The latest prosecution that has an offense date of August 2021 clearly shows malicious prosecution, malicious arrest, and unlawful incarceration by defendants based on all involved that the plaintiff's rights were being maliciously, willingly, and knowingly violated.

8

## V. RELIEF

(State BRIEFLY exactly what you want this Court to do for you. Make NO legal arguments. Cite NO cases or statutes.)

Plaintiff request that the court enjoin defendant's and law enforcement by permanent injunction, the enforcement of SORA against Plaintiff, and not be included on the Tennessee sex offender registry in the future. Plaintiff request that the Tenn. Code Ann. statute of the SOR be enjoined in its entirety.

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge and belief.

Signed this _____ day of _____, 20\_\_\_\_.

_____
Signature of plaintiff(s)

Relief

Plaintiff argues that he satisfies the four factor test to obtain an permanent injunction "(1) that it has suffered an irreparable injury, (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Plaintiff argues that SORA should be viewed as a whole and so the entire statute should be enjoined, and that plaintiff should be removed from the TBI's website, thus continued publication on the SOR.

Declaratory Relief; Plaintiff contends that the declaration should state that no one is able to enforce SORA against Plaintiff. Any such declaration shall have the force and effect of final judgment or decree.

Blount County for monetary damages of $250,000.⁰⁰ two hundred fifty thousand dollars and ⁰⁰/₁₀₀

Jason Davenport
605 Kain CT
Maryville TN 37801

Eastern District of Tennessee
Office of
United States District Court
800 Market Street, Suite 130
Knoxville, Tennessee
37902

INSPECTED

RECEIVED
JAN 19 2023
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville