UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JASON DAVENPORT, | ) | |
| | ) | Case No. 3:23-cv-197 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in his official capacity, *et. al.*, | ) ) ) ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION

Before the Court are Defendant Paul Grady's and Defendant Blount County, Tennessee's motions for summary judgment (Docs. 53, 55). For the following reasons, the Court will **GRANT** Defendants' motions (*id.*).

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Jason Davenport committed "one count of sexual battery" on February 10, 2004, and pled guilty to the charge on July 16, 2004. (Doc. 1, at 3–4.) On June 8, 2004, the Tennessee legislature passed the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act (the "Act"), which imposed new requirements on individuals required to register with Tennessee's sex offender registry ("SOR"). *See* H.B. 3467, 103rd Gen. Assemb., 2004 Sess. (Tenn. 2004); *see also Doe v. Lee*, 102 F.4th 330, 333–34 (6th Cir. 2024). Plaintiff was released from prison in January 2005 and required to register with the SOR in accordance the Act. (Doc. 1, at 4.) Plaintiff has been registered with the SOR since. (*See* Doc.

1

1.) During this time, Defendant Grady[1] charged Plaintiff with violations of the SOR's requirements on two occasions: (1) for failing to register a vehicle in September 2016, and (2) for failing to update his mailing address in June 2021. (*See id.* at 11; Doc. 56-1, at 3.) Additionally, Tennessee amended the Act multiple times to add new reporting requirements and geographic restrictions on where registrants like Plaintiff may live, work, or loiter. *See Doe v. Lee*, 102 F.4th at 333–34; (*see also* Doc. 158 in M.D. Tenn. Case No. 3:21-cv-590.)

In April 2022, the United States District Court for the Middle District of Tennessee found that certain aspects of Tennessee's SOR were unconstitutional in *Reid v. Lee*, 597 F. Supp. 3d 1177, 1196–1200 (M.D. Tenn. 2022), and *Jordan v. Lee*, No. 3:19-CV-00907, 2022 WL 1196980, at *16–19 (M.D. Tenn. Apr. 21, 2022). Jeff French, the Chief Deputy for the Blount County Sheriff's Office, avers that the Sherriff's Office implemented policy changes pertaining to the enforcement and prosecution of SOR violations after these decisions. (Doc. 56-2, at 2.) Specifically, he avers that:

> [I]t was decided in late May/early June of 2022 that the Sheriff's Office employees would not enforce or prosecute registry law violations relating to old offenders whose offense predated registry requirements without discussing the matter with the County Attorney and the County Attorney advising of the legality of the potential enforcement of the sex offender registry requirements in these type of cases and that our evaluations would need to individually assess each person and their circumstances when making decisions relative to enforcement or prosecution.

(*Id.* at 3.) He also avers that "[e]ven prior to May 2022, the Sheriff's Office did not automatically enforce all requirements of the sex offender registry specifically as it relates to offender[s] whose original violations were extremely old and predated the sex offender registry laws." (*Id.* at 2.) Lastly, he avers that Defendant Blount County has "specifically endeavored to

---

[1] Defendant Grady was formerly an SOR officer but left his employment at the Blount County Sherriff's Office in August 2024. (*See* Doc. 56-1, at 1–2.)

follow the law and not enforce or charge individuals with provisions that the federal courts have deemed unconstitutional."[2] (*Id.* at 3–4.)

On May 25, 2022, consistent with French's description of Blount County's approach to SOR enforcement, the Blount County Attorney informed Tennessee Assistant Attorney General Miranda Jones that the County made "policy modifications" regarding its future enforcement of the SOR after considering *Reid* and *Jordan*. (*See id.* at 5.) These policy modifications are outlined in a memorandum the County Attorney sent to colleagues on June 6, 2022, which advised that Blount County should not "charge anyone for a registry violation if their offense predates the implementation of the sex offender registry without discussing the matter with [the County Attorney] and letting [the County Attorney] do some research." (*See id.* at 6.)

Plaintiff filed the present action on January 19, 2023. (*See* Doc. 1.) In his complaint, Plaintiff alleged that the SOR as applied to him violates the United States Constitution's Ex Post Facto Clause (*see id.* at 8), and he named Bill Lee (the Governor of Tennessee), David Rausch (the Director of the Tennessee Bureau of Investigation), Defendant Grady, and Blount County as Defendants. (*See id.* at 3.) Plaintiff also alleged claims for wrongful arrest, wrongful incarceration, and malicious prosecution.[3] (*See id.* at 11–12.)

On November 15, 2023, Defendants moved to stay this case pending the Court of Appeals for the Sixth Circuit's decision in *Doe v. Lee*, 102 F.4th 330 (6th Cir. 2024). (*See* Doc. 20.) Plaintiff moved for a preliminary injunction on December 12, 2023, and the Court granted both motions on December 20, 2023. (*See* Docs. 24, 26.) The Sixth Circuit decided *Doe v. Lee*

---

[2] Defendant Grady also avers that while he worked as an SOR officer, the Sheriff's Office and Blount County Attorney "monitor[ed] [] federal court rulings" pertaining to the constitutionality of the SOR, and that it "was the policy of the Sheriff's Office to comply with all aspects of the enforcement of these laws in a constitutional manner." (Doc. 56-1, at 3.)

[3] The Court dismissed these claims in a previous order. (*See* Doc. 45.)

3

in May 2024, and the mandate issued in August 2024. (*See* Doc. 33.) The Court lifted the stay on September 25, 2024. (*See* Doc. 34.)

On October 9, 2024, Defendants Blount County and Grady filed a motion to dismiss Plaintiff's claims. (*See* Doc. 37.) Defendants Lee and Rausch filed a motion to dismiss on November 6, 2024. (*See* Doc. 41.) The Court granted Defendants Lee and Rausch's motion, finding that Plaintiff did not have standing to sue these defendants. (*See* Doc. 45, at 4–7, 13.) The Court granted Defendants Grady and Blount County's motion in part, finding that Plaintiff had standing to sue these defendants (*see id.* at 7) and that he sufficiently pled his ex post facto claims against them (*see id.* at 8–11). The Court dismissed Plaintiff's claims for malicious prosecution, wrongful incarceration, and false arrest. (*See id.* at 11–13.)

Following the Defendant Lee and Rausch's dismissal from the case, the Court provided notice to the Tennessee Attorney General that Plaintiff's suit challenged the constitutionality of the SOR in accordance with Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b). (*See* Doc. 48.) The State of Tennessee filed a motion to intervene in this case on March 26, 2025, and the Court granted the motion on April 10, 2025. (*See* Docs. 49, 50.)

Defendants Grady and Blount County filed the present motions for summary judgment on June 9, 2025. (*See* Docs. 53, 55.) Plaintiff has not filed a timely response nor any evidence in opposition to these motions. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, these motions are ripe for review.

## II.    STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and

4

makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

5

## III. ANALYSIS

In his complaint,[4] Plaintiff raises an ex post facto challenge to the SOR. (*See* Doc. 1.) Specifically, he alleges that the SOR's geographic requirements seriously restrict his residency and employment, and that the SOR's in-person reporting requirements impose "significant affirmative obligations" upon him. (*See id.* at 3, 7–8.) Plaintiff alleges that these requirements constitute retroactive punishment for his prior offense of sexual battery. (*See id.* at 8.)

In Blount County's motion for summary judgment, the county argues that it is entitled to a judgment as a matter of law because: (1) it has never enforced the unconstitutional portions of the SOR against Plaintiff, (2) it has not adopted a custom or policy of enforcing unconstitutional provisions of the SOR, and (3) Plaintiff's claims are barred by the statute of limitations. (*See* Doc. 56, at 6–12.) Blount County also argues that it has demonstrated that it intentionally declines to enforce the unconstitutional provisions of the SOR. (*See id.* at 9–10.)

In his motion for summary judgment, Defendant Grady argues that he is entitled to a judgment as a matter of law because: (1) he has only charged Plaintiff with violating the requirements of the SOR that do not impose retroactive punishment, and (2) Plaintiff's claims are barred by the statute of limitations. (*See* Doc. 54, at 3–4.) Defendant Grady also argues that Plaintiff's claims for injunctive relief against him are moot because he is no longer employed with the Blount County Sherriff's department. (*See id.* at 5.)

### A. Ex Post Facto Claims

"The United States Constitution prohibits the imposition of ex post facto laws." *Doe v. Lee*, 102 F.4th at 336 (citing U.S. Const. art. I, § 10, cl. 1). "A law qualifies as ex post facto if it

---

[4] Plaintiff has not submitted any argument or evidence in opposition to Defendants' motions for summary judgment. His complaint and motion for a preliminary injunction are the only pleadings in which Plaintiff sets forth any arguments.

6

changes the legal consequences of acts committed before its effective date." *Id.* (quoting *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007)) (internal quotations omitted). If a law applies retroactively, a court must consider whether "the intent of the legislature was to impose punishment or to enact a regulatory scheme that is civil and nonpunitive." *Id.* (quoting *Bredesen*, 507 F.3d at 1003) (internal quotations omitted). "If the intent of the legislature was to impose punishment, that ends the inquiry." *Bredesen*, 507 F.3d at 1003. If "the intention was to enact a regulatory scheme that is civil and nonpunitive, [a court must] further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)) (internal quotations and alterations omitted). In examining whether the scheme is punitive or civil, it is relevant "whether the challenged law (1) has been regarded in our history and traditions as a punishment, (2) imposes an affirmative disability or restraint, (3) promotes the traditional aims of punishment, (4) has a rational connection to a nonpunitive purpose, and (5) is excessive with respect to this purpose." *Doe v. Lee*, 102 F.4th at 337 (quoting *Smith v. Doe*, 538 U.S. 84, 97 (2003)) (internal quotations omitted). However, a full analysis of these factors is not necessary here, "because the provisions of [Tennessee's SOR scheme] are either the same as or directly mirror those" analyzed by the Sixth Circuit in prior cases. *See id.* at 339.

In *Doe v. Lee*, the Sixth Circuit evaluated whether Tennessee's SOR violated the ex post facto clause. The court upheld the SOR's "registration, reporting, and surveillance components," finding that they "are not of a type . . . traditionally considered as a punishment." *Id.* (quoting *Bredesen*, 507 F.3d at 1005) (internal quotations omitted). However, it determined that the SOR requirements that "severely restrict[] where people can live, work, and loiter," categorize people into "tiers ostensibly corresponding to present dangerousness without any individualized

7

assessment thereof," and impose "time-consuming and cumbersome in-person reporting" obligations may not be applied retroactively against registrants. *See id.* at 339–40 (quoting *Does #1-5 v. Snyder*, 834 F.3d 696, 705 (6th Cir. 2016)) (internal quotations omitted). A district court applying this framework to the SOR must elide the portions of the SOR that fall under the latter category when considering injunctive relief. *See id.* at 340–41. Further, a court may only enjoin the officials who enforce the unconstitutional portions of the SOR. *See id.* at 341–42. An injunction prohibiting the enforcement of the entire SOR would result in "a remedy [not] tailored to the statute," and an injunction prohibiting officials from enforcing portions of the SOR which they do not actually enforce, presents "a clear redressability issue, thereby throwing standing into question." *See id.* at 340–42 (citation omitted).

        i.        **Defendant Blount County**

To secure injunctive relief against Blount County under the framework outlined above, Plaintiff must show that: (1) Blount County is charged with enforcing the unconstitutional provisions of the SOR (*i.e.* provisions analogous to the types of requirements struck down in *Snyder*), and (2) Blount County enforces or intends to enforce those provisions against him. *See id.* at 340–42. To secure monetary relief, Plaintiff must demonstrate that he was deprived of a right secured by the Constitution or laws of the United States and that such deprivation was a result of "a custom, policy, or practice attributable to" Blount County. *See White v. Hamilton Cnty. Tennessee*, No. 1:23-CV-108, 2025 WL 837318, at *13 (E.D. Tenn. Mar. 17, 2025) (quoting *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) and *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 685 (6th Cir. 2016)).

Plaintiff fails to demonstrate that he is entitled to injunctive relief against Blount County as a matter of law. The Sixth Circuit has established that certain provisions of Tennessee's SOR

8

are unconstitutional. *See Doe v. Lee*, 102 F.4th at 339–40. However, Blount County has produced evidence demonstrating that it considers judicial decisions pertaining to the constitutionality of the SOR and does not enforce provisions of the SOR that courts have found unconstitutional. (*See* Doc. 56-1, at 3; Doc. 56-2.) Plaintiff does not dispute the validity of Blount County's evidence, nor does he produce any evidence suggesting that Blount County does in fact enforce or intend to enforce the unconstitutional portions of Tennessee's SOR against him. Defendant Grady and Blount County have charged Plaintiff with violations of the SOR in the past, but these violations concerned the SOR's registration and reporting requirements that the Sixth Circuit upheld. *See* (Doc. 1, at 11; Doc. 56-1, at 3); *Doe v. Lee*, 102 F.4th at 339. Accordingly, there is no factual dispute as to whether Blount County enforces the unconstitutional provisions of the SOR against Plaintiff. The Court cannot award Plaintiff injunctive relief when considering the factual record before it, as an injunction prohibiting Blount County officials from enforcing portions of the SOR which the evidence shows they do not actually enforce presents "a clear redressability issue."[5] *See id.* at 340–42. Blount County is entitled to summary judgment as to Plaintiff's claims for injunctive relief.

Plaintiff is also not entitled to monetary relief as a matter of law. In *Reid*, the Middle District held that "municipal liability can be premised on the local government's 'conscious choice' to enforce a particular unconstitutional prohibition over which it had enforcement

---

[5] Plaintiff's failure to set forth any evidence also means he has not shown that he has suffered a cognizable injury. An injury is an "actual or imminent" invasion of a legally protected interest. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff must set forth, "by affidavit or other evidence," specific facts demonstrating the existence of such an injury at the summary judgment stage. *See id.*; *see also Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 387–88 (6th Cir. 2016) ("Each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof . . . ." (internal quotations and alterations omitted)) (quoting *Fair Elections Ohio v. Husted*, 770 F.3d 456, 459 (6th Cir. 2014)). He has not done so here.

9

discretion." 597 F. Supp. 3d at 1201.  Finding this informative as to the *Monell* analysis in this case, the Court held that Plaintiff plausibly alleged that Blount County had a meaningful choice in whether to enforce the SOR against Plaintiff and that the Court could plausibly infer that Blount County consciously chose to enforce the unconstitutional SOR provisions against him. (*See* Doc. 45, at 10–11.)  However, as discussed above, the evidence before the Court demonstrates that Blount County does not enforce the unconstitutional provisions of the SOR. (*See* Doc. 56-1, at 3; Doc. 56-2.)  Plaintiff presents no evidence suggesting that Blount County has made a conscious choice to enforce the unconstitutional portions of the SOR against him. Each time Defendant Grady and Blount County charged Plaintiff with a violation of the SOR, the charge concerned valid portions of the SOR.  *See* (Doc. 1, at 11; Doc. 56-1, at 3); *Doe v. Lee*, 102 F.4th at 339.  Accordingly, Blount County is entitled to summary judgment as to Plaintiff's *Monell* claim for damages.

        ii.        **Defendant Grady**

To establish a claim against Defendant Grady in his individual capacity, Plaintiff must show that (1) Defendant Grady deprived him of a right secured by the Constitution or laws of the United States, and (2) Defendant Grady was acting under color of law.  *See Robertson*, 753 F.3d at 614.  Defendant Grady charged Plaintiff with violations of the SOR twice, and neither charge pertained to the unconstitutional portions of the SOR.  (*See* Doc. 1, at 11; Doc. 56-1, at 3.) Plaintiff presents no evidence suggesting that Defendant Grady ever enforced the unconstitutional provisions of the SOR against him.  Further, Defendant Grady correctly asserts that any injunctive relief applied to him would be moot because he no longer works for Blount County.  (*See* Doc. 54, at 5; Doc. 56-1, at 1.)  Accordingly, Defendant Grady is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment (Docs. 53, 55) are **GRANTED**. The preliminary injunction previously entered in this matter (Doc. 26) is hereby **LIFTED**. Plaintiff's ex post facto claims against Blount County and Defendant Grady are **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**